1  **ROBERT DAVID BAKER, INC.**
**Robert David Baker, Esq. (87314)**
**80 South White Road**
2  **San Jose, CA 95127**
**Telephone: (408) 251-3400**
3  **Facsimile: (408) 251-3401**
**rbaker@rdblaw.net**
4
**Attorney for Plaintiff**
5  **FRANCISCO PADILLA**

6

7

8

## UNITED STATES DISTRICT COURT
9

## NORTHERN DISTRICT OF CALIFORNIA
10

11

| | |
|---|---|
| **FRANCISCO PADILLA, on behalf of himself and those similarly situated individuals,** | **CASE NUMBER:** |
| | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:** |
| **Plaintiff,** | 1.) Violation of FLSA, section 207 (overtime wages); |
| **vs.** | 2.) Violation of California Labor Code § 510 (overtime wages); |
| **OAKLAND PALLET COMPANY, INC.; JOSE G. PADILLA; CARLOS PADILLA; MANUEL PADILLA; JAVIER PADILLA; JUANA PADILLA** | 3.) Violation of Labor Code §§ 226.7, 512 (meal and rest breaks) |
| | 4.) For Restitution of Unpaid Wages in Violation of California Unfair Trade Practices Act under Business and Professions Code §§ 17200, et seq. |
| **Defendants.** | 5.) For Violations of PAGA |

Plaintiff Francisco Padilla, on behalf of himself and those similarly situated individuals

allege as follows:

### JURISDICTION AND VENUE

This action is brought pursuant to 29 U.S.C. §§ 201, et seq., and this court has

jurisdiction pursuant to 29 U.S.C. § 216(b) and the doctrines of pendent and supplemental

jurisdiction pursuant. Pursuant to 29 U.S.C. § 216(b), Plaintiff bring this action on behalf of themselves and those similarly situated individuals (hereinafter collectively "Plaintiff").

1. Plaintiff Francisco Padilla is an individual who has his place of residence in the Northern District of California;

2. Defendant Oakland Pallet Company, Inc. is a California Corporation, with its principal place of business in Alameda County, California. Defendants Jose G. Padilla, Carlos Padilla, Manuel Padilla, Javier Padilla, and Juana Padillar (collectively referred to as "the individual Defendants"), are individuals, residing in the Northern District of California, who are the controlling stockholders in Defendant Oakland Pallet Company, Inc. All Defendants are collectively referred to as ("Defendants"). Plaintiff is informed and believes that Oakland Pallet Company, Inc., is the alter ego of the individual Defendants, and that Oakland Pallet Company, Inc. was formed, among other reasons, to defraud workers like Plaintiff by erecting a corporate shield to protect the individual Defendants' wrongful conduct. Oakland Pallet Company, Inc. is not properly capitalized to respond in damages to workers' wage complaints such as Plaintiff herein. There is such a unity of interests between Oakland Pallet Company, Inc. and the individual Defendants that it would be unfair and inequitable to honor the corporate shield in the instant case because the result would be to fraudulently deprive Plaintiff in this action of money lawfully owing to him due to his earnest labors, and such a result would be inequitable. There is a unity of interest and ownership between Oakland Pallet Company, Inc. and the individual Defendants such that the separate personalities of the corporation and the individual Defendants no longer exist, *inter alia*, to wit: money and assets are comingled between and Oakland

Pallet Company, Inc. and the individual Defendants; the formalities of the corporate structure are disregarded by Oakland Pallet Company Inc. and the individual Defendants; The individual Defendants otherwise ignore the corporate separateness between themselves and Oakland Pallet Company, Inc.;

3. Plaintiff is informed and believes that each employee, agent, or manager of Defendants personally participated, directed, authorized, and ratified the conduct set forth hereinafter. The conduct of these individuals was done in the course and scope of their agency and employment with Defendants;

4. Plaintiff alleges that he and those individuals similarly situated to him were subject to a plan, scheme, and policy of Defendants that deprived them of their lawfully earned overtime compensation;

## SUBSTANTIVE ALLEGATIONS

5. Plaintiff began working at Oakland Pallet Company, Inc. more than four years prior to the filing of this complaint;

6. Plaintiff performed hourly labor and driving duties that were non-exempt duties under both California and Federal wage and hour law;

7. From on or after the date of their hire, Plaintiff was required to work in excess of eight hours per day and/or forty hours per week without overtime compensation;

8. During their employment with Defendants, Plaintiff worked at an hourly rate and was paid weekly;

9. During all times relevant herein, up to or about December 2016, Plaintiff was denied meal breaks. At all times alleged, Plaintiff was denied rest periods;

10. During all times relevant herein, Plaintiff was not subject to an exemption from overtime compensation pursuant to California or Federal law;

11. Plaintiff is informed and believes that Defendants had a plan, scheme, and policy, whereby they would increase their profits and gain competitiveness over similarly situated businesses by depriving hourly workers of overtime compensation, and therefore Plaintiff is bringing this action as a class action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) to redress this uniform plan, scheme, company policy;

12. The unlawful decision, plan, and scheme employed by Defendants not paying overtime to its hourly labor employees for hours worked over forty hours per week;

**FIRST CAUSE OF ACTION**
(Violation of Fair Labor Standards Act – Overtime Compensation
29 U.S.C. § 207)

13. Plaintiff incorporate those paragraphs 1 through 12, inclusive, as if fully set forth hereinafter;

14. At all times relevant herein, Plaintiff was covered pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. A. § 201, *et seq.* ("FLSA"). Defendants were employers within the meaning of the 29 U.S.C.A. § 203(d);

15. 29 U.S.C.A. § 207 requires all covered employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by law;

16. Although Plaintiff was not exempt from overtime compensation during his employment with Defendants, and although Defendants had full knowledge of their duty to pay overtime compensation to Plaintiff, Defendants knowingly, through the scheme described in paragraph 12, supra, caused, suffered, and permitted Plaintiff to regularly work in excess of forty hours per week without paying him overtime wages

of one-and-one-half their regular rate of pay. For example, during the work period January 10, 2016 through January 16, 2016, Plaintiff worked a minimum of forty-five hours and was paid for those forty-five hours at his regular hourly rate of $12 per hour;

17. By not paying overtime wages in compliance with the FLSA, Defendants violated the rights of Plaintiff under the FLSA;

18. As a direct and proximate cause of Defendants failure to pay overtime wages under the FLSA, Plaintiff incurred compensatory damages in the form of lost overtime compensation;

19. Defendants conduct was willful and intentional, and done with reckless disregard of their responsibilities under the FLSA, and without good cause, and failed to pay Plaintiff his overtime compensation, and thus Defendants are liable to Plaintiff for liquidated damages in an amount equal to their lost overtime wages pursuant to 29 U.S.C. §216(b);

20. Plaintiff has been compelled to retain an attorney to bring this action for relief and is entitled to an award of reasonable attorney fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff prays for judgment as set forth below;

## SECOND CAUSE OF ACTION
(Violation of California Labor Code Sections 510- Non Payment of Overtime)

21. Plaintiff re-alleges and incorporates the allegations of paragraphs 1- 20 as if fully set forth herein;

22. During the last 3 years, Plaintiff's employment was subject to California Labor Code Section 510, et. al, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, which require

all covered employees to be paid overtime for work performed in excess of forty hours per week and eight hours per day, unless specifically exempted by the law;

23. At all times relevant herein, Plaintiff regularly worked in excess of forty hours per week and/or in excess of eight hours per day. Plaintiff was not paid the required overtime rate;

24. During the last 3 years, Defendants knowingly and willfully caused, suffered and permitted Plaintiff to regularly work in excess of forty hours per week and/or eight hours per day without paying him the required overtime rate;

25. By not paying Plaintiff overtime wages in compliance with California law, Defendants violated Plaintiff's rights under the law, specifically California Labor Code Section 510;

26. As a direct and proximate cause of Defendants' failure to pay proper overtime wages under the California Labor Code and Wage Orders, Plaintiff has incurred compensatory damages in the form of lost overtime compensation in amounts to be proven at trial;

27. Defendants were aware of the existence and requirements of the California Labor Code Section 510 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiff the overtime compensation;

28. Plaintiff has been compelled to retain an attorney for the purpose of redress of the Labor Code violations and is entitled to an award of attorneys fees and pre-judgment interest pursuant to California Labor Code Section 1194(a), and other applicable Code sections;

WHEREFORE, Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION
(Meal and Rest Breaks
Labor Code §§ 226.7, 512)

29. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-28 as if fully stated herein;

30. At all times relevant herein, Plaintiff's employment with Defendants was governed by the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission;

31. During the period three years prior to the filing of the complaint, Plaintiff routinely worked more than eight hours per day and over forty hours per week, yet Defendants denied Plaintiff meal breaks, and mandatory ten-minute rest breaks, and compelled Plaintiff to work through those meal and rest break periods;

32. By requiring Plaintiff to work through the mandated meal and rest breaks, Defendants violated Plaintiff' rights under Labor Code Section 226.7;

33. As a direct and proximate cause of Defendants failure to provide the mandated meal and rest breaks under the California Labor Code and Wage Orders, Plaintiff has incurred compensatory damages in the form of lost meal and rest break premiums in amounts to be proven at trial;

34. Defendants were aware of the existence and requirements of California Labor Code Sections 226.7 and 512 and the Wage Orders, and Defendants willfully, knowingly, and intentionally failed to provide Plaintiff with the mandatory meal and rest breaks;

WHEREFORE, Plaintiff prays for judgment as set forth below.

# FOURTH CAUSE OF ACTION
(For Restitution of Unpaid Overtime Wages
In Violation of California's Unfair Trade Practices Act
Business and Profession Code Sections 17200, et seq.)

35. Plaintiff re-alleges and incorporates those allegations of paragraphs 1-34, as if fully stated herein;

36. At all times relevant herein, Plaintiff's employment with Defendants was governed by the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission and the FLSA, which require all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day unless specifically exempted by the law. Pursuant to the California Labor Code and Applicable Wage Orders, Defendants were required to provide meal and rest breaks to its employees;

37. During 4 years prior to filing the complaint, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code Section §17000 *et seq.*). Defendants violated the Unfair Trade Practices Act, by <u>inter alia</u>, failure to pay Plaintiff overtime pay and provide meal and rest breaks; and pay a minimum wage;

38. During 4 years prior to filing the complaint, Defendants wrongfully obtained monies in the form of overtime wages and equivalent employee meal and rest break hours that inured to Plaintiff. By doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, *et seq.* by committing acts prohibited by the California Labor Code and applicable California Wage Orders, in order to give Defendants a competitive advantage over businesses with whom

Defendants are in competition with, and who were in compliance with California wage and hour laws;

39. As a direct and proximate cause of Defendants statutory violations, the rights of the Plaintiff under the law were violated, causing him to incur general damages in the form of unpaid and lost wages to which he is legally entitled;

40. Defendants were aware of the existence and requirements of the state and federal wage and hour laws, and willfully, knowingly, and intentionally failed to pay Plaintiff overtime pay and provide meal and rest breaks. Plaintiff herein seeks restitution of such compensation pursuant to the Business and Professions Code §17203;

WHEREFORE, Plaintiff prays for judgment as set forth below.

### FIFTH CAUSE OF ACTION
(Labor Code Private Attorneys General Act of 2004)

41. Plaintiff re-alleges and incorporates those allegations 1-40, as if fully stated herein;

42. Plaintiff and those persons similarly situated to Plaintiff are aggrieved employees as defined in California Labor Code section 2699(c), for the following Labor Code violations committed by Defendants, and are entitled to penalties for each plaintiff and similarly situated person of $100 per pay period for the initial violation and $200 per Plaintiff and similarly situated person for each subsequent pay period violation, for the following violations;

43. Labor Code Section 204(b)(1) & (2) – Plaintiff Francisco Padilla, and other similarly situated employees, are due overtime within the statutory period. Labor Code Section 204(b) was violated because the aggrieved employees were paid on a weekly basis, and earned overtime during each workweek, and Defendants failed to pay the aggrieved employees the earned overtime compensation no later than the next regular

pay day. This Labor Code section was violated for the additional reason that the aggrieved employees and those similarly situated were not paid the overtime wages earned twice during each calendar month, on days designated in advance by the employer as the regular pay days;

44. Labor Code Section 226 – Plaintiff Francisco Padilla, and other similarly situated persons, received an itemized statement as required by Labor Code section 226, which was inaccurate for the following reasons:

1. Each statement of each aggrieved person was inaccurate because it did not set forth the "gross wages" because overtime hours were not calculated and included in the "gross wage;"

2. Each itemized statement of each aggrieved person was inaccurate because it did not set forth the "net wages," because overtime hours were not calculated and included in the "net wage;

3. Each itemized statement for each aggrieved person does not set forth the number of hours worked because it does not state the overtime hours worked, nor the rate of pay;

45. Labor Code Section 226.7 – Plaintiff Francisco Padilla, and other similarly situated persons, during the term of their employment, worked in excess of eight hours per day and were not provided a rest or recovery period as mandated by Labor Code Section 512, or were required to work during the rest or recovery period;

46. Labor Code Section 510 – Plaintiff Francisco Padilla, and other similarly situated persons, regularly worked in excess of eight hours per day and in excess of forty hours per week, and were not paid overtime compensation;

47. Labor Code Section 512 – Plaintiff Francisco Padilla, and other similarly situated persons, were denied meal periods, during the statutory period in violation of Labor Code section 512 and the Wage Orders;

48. Labor Code Section 1174(d) – Defendants failed to keep payroll records showing the hours worked daily and the wages paid to each aggrieved person, by virtue of the failure to include overtime hours worked;

49. Plaintiff has mailed the required notification to the Labor and Workforce Development Agency, requesting an investigation of the above violations.

WHEREFORE, Plaintiff prays for judgment as set forth below;

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment against the Defendants and demand as follows:

1. Award Plaintiff economic and compensatory economic damages for unpaid overtime wages, meal, and rest break premiums, and other pecuniary losses in amounts to be proven at trial;

2. Award Plaintiff pre-judgment interest of 10% on the amounts due under the California Labor Code;

3. Award Plaintiff liquidated damages according to the FLSA;

4. Award Plaintiff restitution of unpaid overtime and meal and rest break premiums, inter alia, pursuant to California Business and Professions Code §17203 in amounts to be proven at trial;

5. Enter an order certifying this action as an FLSA collective class action based on the class of hourly employees who worked for Defendants within the past four years, and who were entitled to overtime compensation pursuant to 29 U.S.C. § 207;

6. Enter an order certifying Plaintiff and other similarly situated persons pursuant to the Labor Code Private Attorneys General Act of 2004, for the violations of the labor code as set forth in the sixth cause of action, and attendant attorney fees;

7. Enter a permanent injunctive order against Defendants ensuring compliance with California Labor Code and Wage Orders and the FLSA;

8. An order holding Defendants Jose G. Padilla, Carlos Padilla, Manuel Padilla, Javier Padilla, and Juana Padilla, personally liable for all damages incurred by Plaintiff;

9. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and the FLSA;

10. Award Plaintiff costs of suit herein;

11. Grant such other and further relief as this Court may deem appropriate.

**PLAINTIFF DEMAND A JURY TRIAL ON ALL CAUSES**

Dated: February 17, 2017

Robert David Baker, Esq.